IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ed Schmidt Pontiac-GMC Truck, Inc.,   Case No. 3:04CV7621

    Plaintiff

v.   ORDER

DaimlerChrysler Motors Company, LLC,

    Defendant

This is a suit by an automobile dealer, Ed Schmidt Pontiac-GMC [Schmidt] against a manufacturer, DaimlerChrysler. Among Schmidt's many claims in its complaint is an allegation that DaimlerChrysler breached a 1994 agreement between it, Schmidt, and another dealer, Yark Oldsmobile [Yark].

If Schmidt's claim that DaimlerChrysler breached the agreement fails, so will many other claims in its complaint. If Schmidt's interpretation of the agreement prevails, it will be entitled to summary judgment in its favor as to the issue of DaimlerChrysler's breach of the agreement. That being so, the parties have agreed to file motions for summary judgment as to the interpretation of the 1994 agreement.

After DaimlerChrysler filed its motion for summary judgment, Schmidt moved for leave to take additional discovery before responding to that motion. DaimlerChrysler opposes the request

for additional discovery; indeed, it had previously filed a motion in limine to preclude introduction of evidence of the sort that is the subject of Schmidt's motion for leave to take additional discovery.

According to Schmidt, that evidence relates to the circumstances surrounding the 1994 agreement. Such evidence, Schmidt contends, can include circumstantial evidence of the meaning that the parties attached to the terms in which they expressed their agreements. DaimlerChrysler asserts that the parole evidence rule excludes such evidence, and thus precludes the discovery sought by Schmidt. In response, Schmidt argues that the evidence that it seeks is not within the parole evidence rule.

The 1994 agreement memorialized a settlement of a dispute between DaimlerChrysler [then known as the Chrysler Corporation], Schmidt, and Yark. Schmidt had purchased a Toledo, Ohio, Jeep-Eagle dealership, and wanted to move the dealership to a location in Perrysburg, Ohio. Yark protested the move. To resolve the dispute, with the result that Schmidt was able to relocate the Jeep-Eagle dealership, Chrysler, Schmidt, and Yark agreed, *inter alia*:

> 2. The parties agree that Chrysler will not award Chrysler-Plymouth Sales and Service Agreements ("C-P SSA's") to either Yark or Schmidt unless and until C-P SSA's can be awarded to both without protest or litigation by any dealer.
>
> 3. The parties agree that prior to being granted C-P SSA's, Yark and Schmidt will have to meet all usual and customary requirements for the appointment as a Chrysler-Plymouth dealer.
>
> 4. Yark and Schmidt agree that neither will protest the other's award of a Chrysler-Plymouth SSA.

At the time of the agreement, Yark desired to become a Chrysler-Plymouth dealer, as did Schmidt. In 2003, Chrysler awarded a Chrysler-Plymouth franchise to Yark. The award of that franchise, Schmidt contends, breached the 1994 agreement. Schmidt claims that under the

agreement, DaimlerChrysler had to award it a Chrysler-Plymouth franchise concurrently with the grant of such franchise to Yark.

Making this argument, Schmidt points to ¶ 2 of the agreement, which states that "Chyrsler will not award a Chrysler-Plymouth [franchise] to either Yark or Schmidt unless and until [franchises] can be awarded to both without protest or litigation by any dealer." That segment, according to Schmidt, committed DaimlerChrysler to giving a Chrysler-Plymouth franchise to both it and Yark if it gave a franchise to either.

DaimlerChrysler asserts that that provision permitted it to give a franchise to one – in this case Yark, as it did – without having to give a franchise to the other. DaimlerChrysler also argues that ¶ 4, in which Schmidt and Yark agreed not to protest receipt by the other of a Chrysler-Plymouth franchise, would be meaningless if the agreement is read as Schmidt wants it to be read.

In seeking discovery before having to respond to DaimlerChrysler's pending motion for summary judgment, Schmidt claims that, though the words "either" and "or" are of common meaning, and the disputed ¶ 2 in which they are used is not ambiguous, discovery relating to the background of the 1994 agreement is essential to an understanding of the agreement and resolution of the instant dispute.

DaimlerChrysler complains that allowing discovery contravenes the parole evidence rule, because, in its view, extrinsic evidence is not admissible under the rule, absent ambiguity in the contract, to elucidate a party's intent.

Schmidt argues, and I find its argument persuasive, that in Ohio the parole evidence rule has a narrow and clearly defined reach – namely, that:

> the parties' final written integration of their agreement may not be varied, contradicted or supplemented by evidence of prior or contemporaneous oral

3

>agreements, or prior written agreements." 11 WILLISTON ON CONTRACTS (4 Ed.1999) 569-570, Section 33:4. Despite its name, the parol evidence rule is not a rule of evidence, nor is it a rule of interpretation or construction. Charles A. Burton, Inc. v. Durkee (1952), 158 Ohio St. 313, 324, 49 O.O. 174, 179, 109 N.E.2d 265, 270. "The parol evidence rule is a rule of substantive law which, when applicable, defines the limits of a contract." Id., paragraph one of the syllabus.

*Galmish v. Cicchini*, 90 Ohio St.3d 22, 27 (2000).

Schmidt argues that the evidence it seeks is neither being sought nor will be offered to vary the agreement of the parties – i.e, to show that they actually reached some understanding other than that which they expressed in the 1994 agreement. Instead, Schmidt asserts, extrinsic evidence is admissible in Ohio to show what the parties both meant by the terms they used in the agreement to which they mutually assented. As the Ohio Supreme Court stated more than 150 years ago:

>Extrinsic parol evidence is always admissible to give effect to a written instrument by applying it to its proper subject matter, by proving the circumstances under which it was made, thereby enabling the Court to put themselves in the place of the parties, with all the information possessed by them, the better to understand the terms employed in the contract, and to arrive at the intention of the parties.

*Hildebrand v. Fogle*, 20 Ohio 147 syll. 2 (1851) (Syllabus ¶ 2).

At issue is not what the parties agreed to, but the meaning of their agreement. That meaning can be uncovered and disclosed, where it is disputed, as it is here, by learning about the context and circumstances in which the agreement was reached.

I conclude, accordingly, that the discovery sought by Schmidt is not precluded by the parole evidence rule.

Schmidt shall be granted leave to take the discovery it seeks in order to respond to that portion of DaimlerChrysler's pending summary judgment motion that relates to the 1994 agreement and its meaning and effect.

It is, therefore,

ORDERED THAT;

1. Plaintiff's motion for a continuance to take discovery be, and the same hereby is granted;

2. Defendant's motion in limine be, and the same hereby is overruled re. discovery sought by plaintiff relative to its opposition to the defendant's motion for summary judgment;

3. A status/scheduling conference is set for June 30, 2006 at 11:00 a.m.

So ordered.

                                                        s/James G. Carr
                                                        James G. Carr
                                                        Chief Judge